IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Dwayne Henri Anderson, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 9:19-cv-3247-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| W. E. Mackleberg, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

  Petitioner Dwayne Henri Anderson ("Petitioner"), a federal prisoner proceeding *pro se*, filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Now before the court is the magistrate judge's Report and Recommendation ("Report"), which recommends that the Petition be dismissed without prejudice for lack of jurisdiction. (ECF No. 7). Petitioner filed objections to the Report.[1] (ECF No. 10).

  The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is

---

[1] Petitioner also filed a motion for extension of time to file his objections. (ECF No. 11). The Report indicated that objections were due by February 27, 2020. (ECF No. 7). Because the Report was served on Petitioner through the mail, pursuant to Fed. R. Civ. P. 6, Petitioner received an additional three days to file his objections, making the objections due March 1, 2020. Because that deadline fell on a Sunday, Petitioner was given an extra day, making the objections due March 2, 2020. Though the notation from the prison mailroom is indiscernible as to when Petitioner delivered his objections to the mailroom, the objections were undeniably timely, as they were received by the court on March 2, 2020. (ECF No. 10). Accordingly, the court denies Petitioner's motion for an extension of time as moot.

1

charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]"  *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).  "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'"  *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).  On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections.  *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . d[id] not alert the court to matters which were erroneously considered by the Magistrate Judge").  Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

    Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his Petition and filings liberally in order to allow for the development of a potentially meritorious

case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## I. BACKGROUND/PROCEDURAL HISTORY

In the Report, the magistrate judge set forth the relevant facts, *see* (ECF No. 7), and Petitioner did not object to that portion of the Report, *see* (ECF No. 10). Briefly, at the time of his filing, Petitioner was housed at Federal Correctional Institution Estill ("FCI Estill"), but Petitioner is currently incarcerated at the Federal Correctional Institution Williamsburg ("FCI Williamsburg").[2] *See Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Feb. 2, 2021). Petitioner filed the instant action to challenge his sentence, arguing that in light of *Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Cornette*, 932 F.3d 204 (4th Cir. 2019), his prior convictions for Georgia burglary do not constitute violent felonies such that he no longer has the requisite number of predicate offenses to support his designation as an Armed Career Criminal. (ECF Nos. 1, 1-1 at 7).

---

[2] Notably, Petitioner filed a notice of change of address in May 2020 indicating that he had been moved to Lewisburg, Pennsylvania due to a tornado at FCI Estill. (ECF No. 13). However, it appears Petitioner has since moved to FCI Williamsburg in South Carolina. *See Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Feb. 2, 2021).

In February 2012, in the Southern District of Georgia, Petitioner was charged with an eight-count indictment.[3] *United States v. Anderson*, 1:12-cr-00041-DHB-BKE, dkt. entry 3 (S.D. Ga. Feb. 8, 2012). On May 3, 2012, Petitioner pled guilty to one count of being a felon in possession of a firearm, and the other counts were subsequently dismissed. *Id.* at dkt. entry 22 (S.D. Ga. May 3, 2012). Petitioner was sentenced to 210 months of imprisonment, to be served consecutively to any state term of imprisonment, and to be followed by a five-year term of supervised release. *Id.* at dkt. entry 29 (S.D. Ga. Aug. 20, 2012). The court also imposed a $2,000 fine and a $100 special assessment fee. *Id.* Petitioner did not directly appeal his sentence or conviction.

On August 19, 2013, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, *id.* at dkt. entry 31 (S.D. Ga. Aug. 19, 2013), which the Southern District of Georgia District Court denied on June 24, 2014, *id.* at dkt. entry 44 (S.D. Ga. June 24, 2014). Petitioner then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District of South Carolina, which he then moved to voluntarily dismiss so that he could file a subsequent § 2255 motion with his sentencing court, the Southern District of Georgia. *See Anderson v. Warden Fed. Corr. Inst. Estill S.C.*, No. 9:16-cv-00906-TMC (D.S.C. 2016). The undersigned judge denied the motion for voluntarily dismissal and transferred the case to the Southern District of Georgia in an effort to protect Petitioner's ability to file a timely § 2255 motion with the sentencing court. *Id.* at dkt. entry 17 (D.S.C. June 10, 2016). Petitioner informed the Southern District of Georgia that he sought relief pursuant to § 2255, not § 2241, at which time the court dismissed the petition, indicating that it was without jurisdiction to consider a second or successive petition. *See Anderson v. United States*, No. 116-080, 2016 WL 4083742 (S.D. Ga. Aug. 1, 2016). Petitioner filed an

---

[3] The indictment included charges for one count of unlicensed dealing in firearms, four counts of being a felon in possession of a firearm, and three counts for possession of stolen firearms. *United States v. Anderson*, 1:12-cr-00041-DHB-BKE, dkt. entry 3 (S.D. Ga. Feb. 8, 2012).

4

application seeking an order authorizing a successive § 2255 motion,[4] which the Eleventh Circuit Court of Appeals granted. *See United States v. Anderson, 1:12-cr-00041-DHB-BKE,* dkt. entry 47 (S.D. Ga. July 22, 2016). Petitioner filed a second § 2255 motion on August 12, 2016, *id.* at dkt. entry 49 (S.D. Ga. Aug. 12, 2016), and Southern District of Georgia District Court denied the motion, finding that Petitioner's claims were foreclosed by the Eleventh Circuit's decision in *United States v. Gundy*, 842 F.3d 1156 (11th Cir. 2016), *id.* at dkt. entry 69 (S.D. Ga. May 30, 2017).[5] Petitioner appealed and moved for a certificate of appealability, which the Eleventh Circuit Court of Appeals denied, specifically finding that "[r]easonable jurists would not debate the District Court's denial of [Petitioner's] § 2255 motion." *Anderson v. United States*, No. 17-12670-K, 2018 WL 6621884 at *3 (11th Cir. June 5, 2018). In that order, the Eleventh Circuit specifically held[6] that

> Mr. Anderson's four Georgia burglary convictions qualify as violent felonies under the ACCA's enumerated-crimes clause. *See* Descamps, 570 U.S. at 257, 133 S. Ct. at 2281; *see also* 18 U.S.C. § 924(e)(1), (2)(B)(ii). Mr. Anderson's designation as an armed career criminal therefore does not depend on the ACCA's unconstitutional residual clause.

---

[4] Petitioner's application for a successive § 2255 motion was based in part on his argument that he was improperly sentenced under the Armed Career Criminal Act's residual clause, relying on both *Johnson v. United States*, 576 U.S. 591 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). The Eleventh Circuit Court of Appeals granted his application, finding that he "ha[d] made a prima facie showing that he ha[d] raised a claim that satisfies the criteria set forth in § 28 U.S.C. § 2255(h)." *Anderson*, 1:12-cr-00041-DHB-BKE, dkt. entry 47 at 8 (S.D. Ga. July 22, 2016).

[5] This order can also be found on Westlaw. *Anderson v. United States of America*, No. 116-136, 2017 WL 2350231 (S.D. Ga. May 30, 2017).

[6] The Eleventh Circuit also determined that Petitioner's argument that he had a Sixth Amendment right to have a jury determine the facts underlying his armed career criminal designation proved beyond a reasonable doubt to be without merit. *United States v. Anderson, 1:12-cr-00041-DHB-BKE,* dkt. entry 74 at 6 (S.D. Ga. June 5, 2018).

*Id.* at 2. Furthermore, the Eleventh Circuit noted that *Johnson* did "not call into question application of the ACCA to the four enumerated offenses or the remainder of the ACCA's definition of violent felony," and, accordingly, the Eleventh Circuit found Petitioner's argument that the enumerated-crimes clause is unconstitutionally vague to be without merit. *Id.* (citing *Johnson*, 576 U.S. at 606, 135 S. Ct. at 2563).

Petitioner now seeks habeas relief from this court pursuant to 28 U.S.C. § 2241. (ECF No. 1). Specifically, Petitioner contends that his prior convictions for burglary in Georgia "are not violent felonies because both the unlawful entry and location elements of Georgia burglary are overbroad when compared to the corresponding elements of generic burglary under the enumerated clause of the ACCA" in light of *Johnson* and *United States v. Cornette*, 932 F.3d 204 (4th Cir. 2019). (ECF No. 1-1 at 9). However, Petitioner also acknowledges that *Cornette* conflicts with Eleventh Circuit law, namely *United States v. Gundy*, 842 F.3d 1156 (11th Cir. 2016), (ECF No. 1-1 at 12), which held that the Georgia burglary statue is divisible and subject to a modified categorical approach and that an indictment charges generic burglary if it identifies the location as being a "dwelling house" or "business house[,]" *Gundy*, 842 F.3d at 1167–69. However, Petitioner asserts that, under the reasoning in the more recent decision in *Cornette*, he no longer qualifies as an armed career criminal. *See* (ECF No. 1-1). The magistrate judge issued a Report recommending that the Petition be dismissed without prejudice (ECF No. 7), and Petitioner filed timely objections (ECF No. 10). Accordingly, the matter is now ripe for review.

## II. MAGISTRATE JUDGE'S REPORT

In his Report, the magistrate judge correctly noted that Petitioner cannot challenge his conviction or sentence under § 2241 unless he can satisfy the "savings clause" of § 2255, which requires him to demonstrate that the relief available under § 2255 is "inadequate or ineffective to

6

test the legality of his detention." 28 U.S.C. § 2255(e); *see also* (ECF No. 7 at 6).  Further, because the savings clause is a "jurisdictional provision," this court is without jurisdiction to rule on a § 2241 petition if such a showing is not made.  *United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018).

Petitioner only challenges the legality of his sentence,[7] not the legality of his conviction. *See* (ECF No. 1; 1-1). As the magistrate judge recognized, the Fourth Circuit articulated a four-part test to determine whether a § 2255 motion is "inadequate and ineffective" to raise challenges to sentencing errors:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429; *see also* (ECF No. 7 at 6).

The magistrate judge also correctly observed that, "'[i]n evaluating substantive claims under the savings clause,' a district court must 'look to the substantive law of the circuit where a defendant was convicted.'"  (ECF No. 7 at 7 (quoting *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019)). Accordingly, as the magistrate judge recognized, to satisfy the second prong of the *Wheeler* test, the petitioner must identify a change in substantive law that arises from either the United States Supreme Court or the circuit in which the petitioner is convicted. (ECF No. 7 at 7

---

[7] Specifically, Petitioner only challenges the enhancement to his sentence based on his designation as an armed career criminal. (ECF No. 1-1).

7

(citing *Hahn*, 931 F.3d at 301)).  Still, the applicable "procedural law," however, is that of the district court's home circuit. *Hahn*, 931 F.3d at 301.  In this case, because Petitioner was convicted in the Southern District of Georgia, the magistrate judge properly applied the substantive law of the Eleventh Circuit Court of Appeals.  (ECF No. 7 at 7).

As to Petitioner's claim that his burglary convictions fail to support his designation as an armed career criminal, the magistrate judge determined that, based on Eleventh Circuit precedent, Petitioner failed to satisfy the second prong of the *Wheeler* test which requires a showing that "subsequent to the prisoner's direct appeal and first § 2255 motion, the . . . settled substantive law changed and was deemed to apply retroactively on collateral review," 886 F.3d at 429; (ECF No. 7 at 7–9).  Looking to the substantive law of the Eleventh Circuit Court of Appeals, the magistrate judge recognized that Petitioner's claims must fail, as there has been no change to any substantive law *in that circuit* that would affect Petitioner's designation as an armed career criminal, and, thus, his sentence. (ECF No. 7 at 7–8).

Furthermore, the magistrate judge noted that in denying his second § 2255 motion, the Southern District of Georgia applied *Gundy* and specifically determined that Petitioner has four ACCA predicate offenses for burglary under the enumerated offenses clause. (ECF No. 7 at 8 (citing *Anderson*, 2017 WL 2350231, at **6–8)). Additionally, in denying Petitioner's application for a certificate of appealability, the Eleventh Circuit Court of Appeals, in applying *Gundy*, specifically found that Petitioner's four Georgia burglary convictions qualify as violent felonies under the ACCA's enumerated-crimes clause. *Anderson*, 2018 WL 6621884, at *2. The Eleventh Circuit further stated that Petitioner's "designation as an armed career criminal . . . does not depend on the ACCA's unconstitutional residual clause," and it denied the certificate of appealability. *Id.*

Therefore, because Petitioner has failed to satisfy the *Wheeler* test, the magistrate judge recommends the court dismiss the Petition (ECF No. 1) for lack of subject matter jurisdiction. (ECF No. 7).

### III. DISCUSSION

The court now turns to consider Petitioner's objections to the Report. *See* (ECF No. 10). The crux of Petitioner's objections to the Report is that, like the petitioner in *Cornette*, it is unclear whether his sentence relied on the enumerated offense clause or the residual clause of the ACCA, and, therefore, the ruling in *Cornette* should apply. In support of this objection, Petitioner cites to various other Fourth Circuit Court of Appeals opinions for the notion that, when it is unclear which clause applied at sentencing, the court must "read this equivocation in the record in [petitioner's] favor." (ECF No. 10 at 4 (citing *Cornette*, 932 F.3d 204; *United States v. Winston*, 850 F.3d 677 (4th Cir. 2017))). Furthermore, Petitioner notes that the sentencing judge relied on the *Shepard*[8] documents in determining whether Petitioner's prior convictions qualified as predicate offenses under the generic burglary definition for purposes of the ACCA enhancement. (ECF No. 10 at 2). However, Petitioner argues that it is unclear which clause of the ACCA the sentencing judge relied on and unclear as to what prior offenses were determined to be predicates for ACCA purposes. *Id.* at 3.

Petitioner is correct that in ruling on his motion for leave to file a successive § 2255 motion, the Eleventh Circuit stated that it could not "determine whether the district court relied on the enumerated-crimes clause or the residual clause" and that, therefore, Petitioner had presented a *prima facie* case under *Johnson* for leave to file a second § 2255 motion. *United States v. Anderson,*

---

[8] In *Shepard v. United States*, the Supreme Court held that "a later court determining the character of an admitted burglary is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." 544 U.S. 13, 16 (2005).

9

*1:12-cr-00041-DHB-BKE, dkt. entry 47 (S.D. Ga. July 22, 2016).* However, in that same order, the Eleventh Circuit also stated that the grant of leave to file was a "limited determination" and that the "district court must decide whether Anderson was sentenced under the residual clause in 2012, whether the new rule in *Johnson* is implicated as to Anderson's sentencing, and whether the § 2255(h)" threshold had been met. *Id.* at 7. Thereafter, in ruling on Petitioner's subsequent § 2255 motion, the Southern District of Georgia specifically found that Petitioner "was not sentenced under the residual clause" and found that the sentencing court had reviewed the *Shepard* documents, applied the modified categorical approach to Petitioner's prior convictions for burglary and found that at least three qualified as predicate offenses. *Anderson*, CV 116-136, 2017 WL 2350341 at *5 (S.D. Ga. March 21, 2017), *adopted by Anderson*, No. CV 116-136, 2017 WL 2350231 (S.D. Ga. May 30, 2017).

Additionally, Petitioner asserts that a district court in New York has also held that the Georgia burglary statute was "unambiguously indivisible." *Id.* at 5 (citing *Williams v. United States*, No. 1:16-cv-00030-MAT (W.D.N.Y. Apr. 18, 2016)). However, as the Eastern District of Missouri noted in *Bullock v. United States*, "[a]side from originating in a district outside the Eleventh Circuit, which includes Georgia, *Williams* was decided prior to the Eleventh Circuit's decision in *Gundy*." *Bullock*, No. 4:16CV936 RLW, 2018 WL 1702388, at 3 n.1 (E.D. Mo. Apr. 6, 2018).

Furthermore, as the magistrate judge correctly identified, the court must apply the substantive law of Petitioner's circuit of conviction. (ECF No. 7 at 7 (quoting *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019)). In the Eleventh Circuit, *Gundy* remains the substantive law as to the issues at hand, in which the Eleventh Circuit has held that "Georgia's burglary statute is divisible and subject to the modified categorical approach" and that "[a] Georgia indictment

charges generic burglary if it identifies the burgled location as a 'dwelling house' or 'business house.'" *Anderson*, 2018 WL 6621884 at *2 (11th Cir. June 5, 2018) (citing *Gundy*, 842 F.3d at 1164–65). In applying *Gundy* to Petitioner's case, the Eleventh Circuit has already determined that Petitioner's "four burglary convictions qualify as violent felonies under the ACCA's enumerated-crimes clause." *Anderson*, No. 17-12670-K, 2018 WL 6621884 at *2 (11th Cir. June 5, 2018). Accordingly, Petitioner's objections are without merit and are overruled.

## IV. CONCLUSION

After a careful and thorough review of the Report and record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 7) and incorporates it herein. Accordingly, having concluded that it lacks jurisdiction, the court **DISMISSES** Petitioner's § 2241 Petition (ECF No. 1) without prejudice. Additionally, Petitioner's motion for an extension of time (ECF No. 11) is **DENIED AS MOOT** for the reasons set forth herein.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

                                                    s/Timothy M. Cain
                                                    United States District Judge

Anderson, South Carolina
February 17, 2021